# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SPENCER T. ANDERSON, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| ROCKDALE COUNTY SHERIFF, | :: | CIVIL ACTION NO. |
| Defendant. | :: | 1:11-CV-3602-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 18th day of November, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SPENCER T. ANDERSON, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| ROCKDALE COUNTY SHERIFF, | :: | CIVIL ACTION NO. |
|     Defendant. | :: | 1:11-CV-3602-TWT-RGV |

### FINAL REPORT AND RECOMMENDATION

Plaintiff, presently confined in the Coffee Correctional Facility in Nicholls, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 3]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### I. LEGAL STANDARDS

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous,

malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements'" of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286

2

(1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff brings this action against the Rockdale County Sheriff, alleging that he was attacked by other inmates while he was in protective custody at the Rockdale County Jail. [Doc. 1 at 1, 3; Doc. 1-2 at 1]. Plaintiff states that he did not consent to having other inmates housed in his cell and that, as a result of the attack, he suffered lower back injuries. [Doc. 1 at 3; Doc. 1-2 at 1]. Plaintiff seeks monetary relief. [Doc. 1 at 4; ; Doc. 1-2 at 2].

Pursuant to § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Plaintiff's claim against the Rockdale County Sheriff is premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

While plaintiff conceivably could state claims against the individual jail officials who allegedly failed to protect him from the inmate attack, he has not named any such individuals as defendants in this action. Because plaintiff has failed to state a viable claim under § 1983 against the named defendant, the undersigned recommends that this action be dismissed without prejudice for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**SO RECOMMENDED**, this 18th day of November, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

4